UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No:   13-20285

v.

JUAN HERNANDEZ, Sr.
_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.    Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

<u>XX</u>    (1)    The Government moved for detention at the Defendant's first appearance pursuant to:

  <u>XX</u>    18 U.S.C. § 3142(f)(1).

  <u> </u>    18 U.S.C. § 3142(f)(2).

<u> </u>    (2)    A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.    Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

<u> </u>    (1)    The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

<u> </u>    (2)    The offense described in finding was committed while the Defendant was on

          release pending trial for a federal, state or local offense.

\_\_    (3)    A period of less than five years has elapsed since

        \_\_    the date of conviction, **or**

        \_\_    the Defendant's release from prison for the offense described in finding (B)(1).

\_\_    (4)    Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.**    **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

    \_\_    for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

    \_\_    under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

    \_\_    listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

    \_\_    listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

    \_\_    involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

    \_\_    the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.**    **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

\_\_    (1)    There is a serious risk that the Defendant will not appear.

\_\_    (2)    There is a serious risk that the Defendant will endanger the safety of another person or the community.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

XX     by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

\_\_     by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

\_\_     both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that none of the rebuttable presumptions in favor of detention apply, the Court will therefore consider the Defendant's circumstances using the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves a sexual assault by a member of the Saginaw Chippewa Native American Tribe. I find from the explicit statements made by the Defendant during his initial appearance and plea, there is a definite weight of evidence supporting the charge made against the Defendant.

As to subsection 3142(g)(3), I find that Defendant is 25 years of age and has never married. The Defendant has never held employment, until recently taking a job at a t-shirt store. The Defendant conceded to Pretrial Services that he began using

marijuana 10 years ago.  He stated that marijuana is his drug of choice.  While denying a drinking problem, he stated that on weekends he would drink a case of beer at a time.  He conceded also that he has used cocaine on occasion.

The Defendant's juvenile criminal history includes five convictions, beginning with a malicious destruction of property conviction at age 8.  Other juvenile convictions include larceny, 3 counts of assault and battery, and possession of heroin/cocaine.  His adult criminal history includes seven convictions in 2008, including convictions for minor in possession, possession of marijuana, disorderly person, family violence and operating under the influence.  Many of these convictions occurred while he was on probation, which was revoked.  In 2009, Defendant was convicted of possession of controlled substances and placed on probation.  He violated that probation through the consumption of alcohol.  One month later he pled guilty to violation of a Tribal Court order.  Eighteen months later, Defendant pled guilty to the use of a computer to commit a crime.  Pretrial services reports that this conviction related to the distribution of cocaine.  Defendant was later convicted of disorderly conduct, which occurred while he was on bond.  The Defendant was also convicted of open container (intoxicants) and driving while license suspended.

In light of the Defendant's consistent history of criminal convictions, including assaultive crimes, many of which occurred while on supervision, I conclude first that were the Defendant to be placed on bond, he would pose a definite risk of harm to the community, and specifically to the victim.  I further am, on this record, unable to craft any set of conditions which I believe will reasonably assure the safety of the community, or of the alleged victim.  As stated by the Second Circuit, "[w]here [as is

clearly evidenced in this case] there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate." U.S. v. Colombo, 777 F.2d 96, 100 (2d Cir. 1985) (quoting S. Rep. No. 225 at 7; 1984 U.S. Code Cong. & Ad. News at 3189).

Accordingly, the Government's motion to detain in **GRANTED.**

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                              s/ Charles E Binder
                              CHARLES E. BINDER
Dated: May 2, 2013             United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Marie Winters, and served on Pretrial Services and the U.S. Marshals Service by other electronic means.

Date: May 2, 2013       By    s/Jean L. Broucek
                                      Case Manager to Magistrate Judge Binder